# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| HELEN KEARNS, | * | |
| | * | No. 18-654V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: August 19, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

Pending before the Court is petitioner Helen Kearns' motion for final attorneys' fees and costs. She is awarded **$69,496.06**.

\* \* \*

On May 8, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the pneumococcal conjugate (Prevnar13) vaccine she received on May 28,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

2015, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from connective tissue disease. The parties filed multiple expert reports, with petitioner retaining Dr. Leonard Lobo and respondent retaining Drs. Derek Byers and Jonathan Miner. Thereafter, the parties agreed to start settlement discussions and on October 5, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on October 6, 2021. 2021 WL 5029392 (Fed. Cl. Spec. Mstr. Oct. 6, 2021).

On December 7, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests a total amount of $72,851.06 comprised as follows: $45,998.60 in attorneys' fees and $11,770.77 in costs incurred by petitioner's current counsel at Conway, Homer, P.C., $13,746.25 in attorneys' fees and $1,330.00 in costs incurred by petitioner's former counsel at Ward and Smith, and $5.44 in costs personally incurred by petitioner. Fees App. at 2. On December 15, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*     *     *

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested for the work of her counsel at Conway, Homer, PC (the billing records indicate that the majority of attorney work was performed by Ms. Lauren Faga, with supporting work performed by Ms. Meredith Daniels, Ms. Christina Ciampolillo, Mr. Joseph Pepper, Mr. Patrick Kelly, and Mr. Ronald Homer) and finds that the hourly rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work. See, e.g., Skiles v. Sec'y of Health & Human Servs., No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug 14, 2020); Heddens v. Sec'y of Health & Human Servs., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019). Accordingly, the requested hourly rates for Conway, Homer, P.C. attorneys are reasonable.

Petitioner also requests compensation for work of her former counsel at Ward and Smith, P.A. All work performed by Ward and Smith took place in 2017 and was performed by two attorneys, Mr. A. Charles Ellis and Mr. Jeremy Wilson. Mr. Ellis billed his time at $460.00 per hour and Mr. Wilson billed his time at $310.00 per hour. Fees App. at 35. Two paralegals also worked on this case, and their time was billed at $150.00 to $160.00 per hour. Id. The undersigned finds that these rates must be reduced because they exceed the maximum prescribed rates by the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2017.[2]

Mr. Ellis was admitted to the bar of North Carolina in 1983, giving him approximately 34 years of experience when he worked on this case in 2017 and

---

[2] The Fee Schedules are available at: http://www.uscfc.uscourts.gov/node/2914.

placing in him the tier of attorneys with 31+ years of experience in practice on the fee schedule.[3] Because Mr. Ellis is not admitted to the bar for the Court of Federal Claims, the undersigned is left to reason that he has virtually no prior experience handling Vaccine Program cases. The fee schedule prescribes an hourly rate between $394.00 and $440.00 per hour and based upon the undersigned's assessment of Mr. Ellis' known credentials and experience, the undersigned finds that $400.00 per hour is a reasonable rate for his work in this case.

Mr. Wilson was admitted to the bar of North Carolina in 2011, giving him approximately 6 years of experience when he worked on this case in 2017 and placing him in the tier of attorneys with 4-7 years of experience in practice on the fee schedule. It also appears that Mr. Wilson has no prior Vaccine Program experience. The fee schedule prescribes an hourly rate between $230.00 and $307.00 per hour and based upon the undersigned's assessment, $275.00 per hour is a reasonable rate for Mr. Wilson's work in this case.

Concerning reasonable paralegal rates, the fee schedule prescribes an hourly rate between $128.00 and $148.00 per hour. The undersigned presumes average credentials for the firm paralegals – the firm specializes in medical malpractice cases so paralegals have familiarity with requesting and reviewing medical records. However, they likely are not as experienced at parsing those records for the relevant information that more experienced Vaccine Program paralegals might be. The undersigned finds that a median rate of $138.00 per hour is reasonable for the paralegal work performed in this case. Application of the aforementioned rates results in a reduction of $1,619.50 to the amount of fees payable to Ward and Smith.

B.    <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

---

[3] The undersigned notes that petitioner did not provide any information about the credentials of Ward and Smith counsel or any argument for the reasonableness of any of the hourly rates or any other information which might have assisted in establishing reasonable hourly rates. All information was gathered by the undersigned from the Ward and Smith firm website.

Concerning the time billed by Conway, Homer, P.C., a small amount must be reduced for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. See, e.g., Manetta v. Sec'y of Health & Human Servs., No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); Lyons v. Sec'y of Health & Human Servs., No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). Additionally, the undersigned has noticed some instances where Mr. Homer and Mr. Kelly billed for review of the same routine filings from respondent and the Court, which has led to an excessive amount of time billed for their review.

To offset these issues, the undersigned finds a reduction of $585.50 to be appropriate in this case. However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues.[4]

For the time billed by Ward and Smith, the undersigned notes an overarching issue of counsel and paralegals billing in increments of one quarter of an hour. Other special masters have cautioned against this billing practice because it likely leads to overbilling, as it is extremely unlikely that it took a minimum of fifteen minutes to complete any task. See, e.g., Jackson v. Sec'y of Health & Human Servs., No. 15-492V, 2020 WL 8509839, at *3 (Fed. Cl. Spec. Mstr. Dec. 7, 2020). Other minor issues include some time billed by attorneys for educating themselves about Vaccine Program procedures and an unexplained charge of $396.25 for "Direct Administrative Services." Fees App. at 39. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." Matthews v. Sec'y of Health & Human Servs., No. 14-

---

[4] Attorneys at Conway, Homer have been previously warned that including duplicate work of other attorneys may result in an increased deduction. See, e.g., Burgos v. Sec'y of Health & Human Servs., No. 16-903V, 2022 WL 1055355 (Fed. Cl. Spec. Mstr. Mar. 15, 2022). However, that warning was given after the fee application was submitted in this case.

1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." Carter v. Sec'y of Health & Human Servs., No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Accordingly, the undersigned finds that a reduction of $1,000.00 is reasonable to achieve "rough justice." Fox v. Vice, 563 U.S. 826, 838 (2011).

Accordingly, petitioner is awarded final attorneys' fees of $56,539.85 (comprised of $45,413.10 to Conway, Homer, P.C. and $11,126.75 to Ward and Smith).

      C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $11,770.77 in attorneys' costs incurred by Conway, Homer, P.C. This amount is comprised of acquiring medical records, postage, the Court's filing fee, work performed by petitioner's medical expert, Dr. Leonard Lobo, one of petitioner's treating physicians. Dr. Lobo is board-certified pulmonology and critical care medicine and is currently the medical director of the Interstitial Lung Disease Center and the Lung Transplant Center at the University of North Carolina at Chapel Hill. Petitioner requests compensation for Dr. Lobo at $400.00 per hour. The undersigned finds this rate to be reasonable based upon Dr. Lobo's credentials and what other pulmonologists have commanded for their Vaccine Program work. Green v. Sec'y of Health & Human Servs., No. 16-008V, 2021 WL 1010727, at *3 (Fed. Cl. Spec. Mstr. Feb. 23, 2021) (awarding pulmonologist $450.00 and $500.00 per hour); DePena v. Sec'y of Health & Human Servs., No. 13-675V, 2017 WL 1476240, at *4-5 (Fed. Cl. Spec. Mstr. Mar. 30, 2017). The hours billed by Dr. Lobo (26.75) for his work on this case are also reasonable.

Petitioner also requests $1,330.00 in costs incurred by Ward and Smith for acquisition of medical records, postage, copies, and an opinion letter from Dr. Lobo. In this instance, Dr. Lobo billed 1.5 hours at $500.00 per hour. Fees App. at 74. Having determined that $400.00 is a reasonable hourly rate for Dr. Lobo, the undersigned will compensate this time at that rate. Therefore, a reasonable amount for Dr. Lobo's work for Ward and Smith is $600.00.

Accordingly, petitioner is awarded final attorneys' costs of $12,950.77 (comprised of $11,770.77 to Conway, Homer, P.C., and $1,180.00 to Ward and Smith).

Finally, pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs totaling $5.44 for postage. These costs are also reasonable and shall be fully reimbursed.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$57,183.87** (representing $45,413.10 in attorneys' fees and $11,770.77 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her attorney, Mr. Ronald Homer;

2) a total of **$12,306.75** (representing $11,126.75 in attorneys' fees and $1,180.00 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Ward and Smith, P.A.; and

3) a total of **$5.44** (representing $5.44 in petitioner's costs) as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.